IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| JOHN TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:10cv985-MHT |
| ) | (WO) |
| THE CITY OF DOTHAN, a ) | |
| Municipality, et al., ) | |
| ) | |
| Defendants. ) | |

OPINION

Plaintiff John Turner brought this action against the defendants (the City of Dothan and a number of its police officers in their official and individual capacities), asserting unlawful search and use of excessive force in violation of his Fourth, Fifth, and Eighth Amendment rights under the United States Constitution as well as violations of Alabama common law.  Subject-matter jurisdiction is proper under 28 U.S.C. §§ 1331 (federal question), 1343(a)(3) (civil rights), and 1367 (supplemental).  The case is now before the court on the defendants' objection to Turner's amended complaint and the defendants' motion to dismiss.  The motion to dismiss will be granted and the

objection to Turner's amended complaint will be overruled as moot.

## I. BACKGROUND

This case arises out of late-night 9-1-1 call to the police from Turner's residence.  In November 2008, someone from the residence started to call 9-1-1 but hung up before anyone answered.  A Dothan policeman came to the house to investigate and, after knocking, was greeted by Turner's companion at the front door. The policeman walked in uninvited.

After the policeman entered, Turner asked him to leave. Following a discussion, the policeman used his taser several times on Turner.  Multiple other police officers then arrived at the house and proceeded to threaten, punch, and kick Turner.  Turner claims he was not resisting.

Turner brought this case about two years later, asserting illegal police conduct during the above incident. However, at the same time Turner was bringing this case in federal court, he was being prosecuted in state court for assault and resisting arrest based on the same incident.

2

Turner moved to discontinue pretrial deadlines in this court--that is, he essentially sought a stay of this litigation--in response to the state prosecution.  Counsel for the defendants objected.

In May 2011, this court conducted an on-the-record call regarding the motion to discontinue. In that call, the defendants' counsel explained that he objected to a stay of the litigation unless Turner's counsel provided assurance that the federal case would be dismissed should Turner be convicted in state court.  Turner's lawyer stated that he had "no intent on going forward with the case if [Turner] got found guilty" in state court.  <u>See</u> May 3, 2011, Telephone Conference.  When pressed, he agreed to do more for assurance.  Specifically, he stated that, if Turner agreed, he would provide the court a signed statement from Turner promising to dismiss the federal case should Turner be found guilty in state court.  This court ruled that Turner's counsel had three days to file the promised statement or else the motion for a stay would be denied.

Three days later, Turner filed another motion to discontinue existing pretrial deadlines with an accompanying declaration. The declaration reads:

> "COMES NOW Plaintiff John Turner, and pursuant to the verbal order of the Court, expresses the following as his declaration of intent with regard to the future progress of this case: In the event Plaintiff is found guilty of the charges of assault and resisting arrest currently pending against him in the case of City of Dothan v. John Turner, CC 2009-1367, Circuit Court of Houston County, Alabama, he will dismiss this federal civil suit; however, in the event Plaintiff is found not guilty of the charges, he will go forward in prosecuting this federal case to its conclusion."

Dec. to the Court (doc. no. 41) at 3. Turner signed the declaration, and it was notarized. After receiving this declaration, the court discontinued all deadlines, stayed this litigation, and required the parties to provide monthly joint reports on the status of the criminal case.

Around three years later, in March 2014, a state jury found Turner not guilty of aggravated assault but guilty of resisting arrest. The stay was dissolved the same month.

Turner moved to amend his complaint in October 2014. The court allowed the amended complaint but provided

4

defendants with time to file an objection. The defendants filed a timely objection to the amended complaint and moved to dismiss.

## II. DISCUSSION

The defendants argue that their objection to the amended complaint should be sustained and the motion to dismiss granted because Turner made a valid contract to dismiss the case should he be found guilty in state court and because Turner is bound by judicial estoppel to follow his declaration to the court. The court finds that Turner is bound by his contract; therefore, it need not address the judicial-estoppel argument.

As this court has previously discussed, federal courts have taken different approaches in interpreting contracts, such as settlement agreements, that resolve federal claims. Hogan v. Allstate Beverage Co., 821 F. Supp. 2d 1274, 1279 (M.D. Ala. 2011) (Thompson, J.). While some have applied federal common law, others have looked to state courts. Id. The only appreciable difference that could be relevant is that Alabama law requires a signed, written document,

whereas federal courts will at times enforce oral agreements.  Id.; see also 1975 Ala. Code § 34-3-21.  However, Turner submitted a signed, written document valid under federal law and Alabama state law, and the court therefore need not resolve which law applies.  Because the defendants use state law, because Turner does not challenge its use, and because the court does not discern any material difference between federal and state law on the matter at issue, the court relies on state law below.

A valid contract requires "an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract."  Shaffer v. Regions Fin. Corp., 29 So. 3d 872 (Ala. 2009).  "[I]t is well settled that where there is uncertainty and ambiguity in a contract, it is the duty of the court to construe the contract so as to express the intent of the parties."  Kelmore, LLC v. Alabama Dynamics, Inc., 20 So. 3d 783, 791 (Ala. 2009) (internal quotation marks omitted).  "[I]f the contract is ambiguous, parol or extrinsic evidence will be allowed to clarify the contract."  Marriott Int'l, Inc. v. deCelle, 722 So. 2d 760, 762 (Ala. 1998).

6

As a threshold matter, the court interprets Turner's declaration to the court as a written memorialization of the contract between Turner and the defendants. In 2011, what Turner wanted was essentially a stay of the case, and the defendants offered to do so, if provided assurance that Turner would not pursue his federal litigation should he be found guilty in state court. Turner accepted this offer by submitting a written declaration to the court memorializing his promise. In consideration of this promise, the defendants did not oppose the stay, and, in return, they received a promise of dismissal if Turner was found guilty in state court. The contract therefore had an offer, acceptance, and consideration. The court turns to interpreting the valid contract.

There is some ambiguity as to whether Turner's declaration promised to dismiss the federal case if he was found guilty of one, but not all, of the state charges. The declaration first states that "in the event [Turner] is found guilty of assault <u>and</u> resisting arrest," he will dismiss the suit; but, in the event Turner is "found not guilty of the <u>charges</u>," he will go forward with the federal

case.  Dec. to the Court (doc. no. 41) (emphasis added). The conjunctive "and" in the first section could be read as Turner agreeing to drop federal charges only if he were found guilty of both crimes rather than just one.  This reading, however, is in tension the second part, which implies that he will only go forward with the federal suit if he was "found not guilty of the charge<u>s</u>."  <u>Id</u>. (emphasis added).

Given this ambiguity, the court turns to extrinsic evidence and concludes that Turner agreed to dismiss the federal suit if he was found guilty of either charge in state court.  <u>Kelmore</u>, 20 So. 3d at 791; <u>see also</u> <u>Alfa Life Ins. Corp. v. Johnson</u>, 822 So. 2d 400, 405 (Ala. 2001) ("[I]f the trial court finds the contract to be ambiguous, it must employ established rules of contract construction to resolve the ambiguity.") (internal quotation marks omitted). First, Turner's motion to discontinue deadlines, to which his declaration is attached, clarifies the ambiguity.  It states that "in the event [Turner] is found not guilty of <u>all</u> charges, he will prosecute this federal case to its conclusion."  Mot. to Discontinue Existing Pretrial

Deadlines (doc. no. 41) at 1 (emphasis added).  The adjective "all" makes clear that even if Turner is found not guilty of one charge, but guilty of another, he will not prosecute the federal case.  Second, and most importantly, Turner does not take issue with this reading of the declaration.

Instead of arguing that he does not have to dismiss under the contract because he was found guilty of one rather than both crimes, Turner contends that he never received valid consideration for his waiver of constitutional rights.  He cites Faris v. Williams WPC-I, Inc., 332 F.3d 316, 322 (5th Cir. 2003), where the court noted, in the context of statutory rights under the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2604, that there must be consideration when a recently fired employee signs away her rights to any claim arising under federal, state, or local law.  This cited case is inapposite.  Most simply, Turner did receive consideration when the defendants agreed not to oppose the stay.  Moreover, the equities differ.  Plaintiffs in civil cases frequently make strategic decisions not to bring constitutional claims or to drop others while litigating.

9

This decision is not comparable to an unrepresented employee signing a waiver of rights; rather, it involves a <u>represented</u> plaintiff making a strategic decision on how best to enforce those rights <u>during</u> litigation.

In sum, Turner made an agreement to dismiss this federal-court case if he was found guilty of a crime in state court based on the same facts. He was subsequently found guilty in state court but sought to continue this suit rather than dropping it as promised. The court will deny this attempt and hold Turner to his agreement.[*]

---

[*] As an alternative ground, the court also would dismiss the case based on judicial estoppel. There are two factors in the judicial-estoppel test: Turner must have taken inconsistent positions, and these positions must have made a mockery of the judicial system. <u>Robinson v. Tyson Foods, Inc.</u>, 595 F.3d 1269, 1273 (11th Cir. 2011) (internal quotation marks omitted).

As discussed above, Turner took inconsistent positions--that is, he promised to stop litigating his federal case if he were found guilty in state court on either charge but now is trying to litigate his federal claim despite the guilty verdict. Although Turner contends that the inconsistent positions must be in different proceedings rather than in the same litigation, the court is unpersuaded. <u>See</u> Wright & Miller, 18B Fed. Prac. & Proc. Juris. § 4477 (2d ed.) ("There is no reason to suppose that a court is helpless to protect itself against inconsistent positions taken in the course of a single (continued...)

An appropriate judgment will be entered.

DONE, this the 30th day of April, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

---

ongoing proceeding."); see also New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (describing inconsistent positions as "prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase"); In re Carbon Dioxide Indus. Antitrust Litig., 229 F.3d 1321, 1326 (11th Cir. 2000) ("Having induced the court to rely on a particular erroneous proposition of law or fact, a party in the normal case may not at a later stage of the case use the error to set aside the immediate consequences of the error.").

Turner also has made a mockery of the judicial system because his errors were "intentional contradictions, not simple error or inadvertence." Id. at 1275 (internal quotation marks omitted). Allowing Turner to litigate his federal case after he agreed to dismiss it would create the perception (and the reality) that the court was misled and would "impose an unfair detriment" on the defendants, who would have to continue litigating a case that should have been dismissed. See Maine, 532 U.S. at 751 (internal quotation marks omitted).